UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ROGER KRAUSE AND KAREN KRAUSE | § § § § | |
| *Plaintiffs* | | |
| VS. | § | CIVIL ACTION NO. 6:19-CV-00058 |
| CYNTHIA ZAMORA MCCOMBS AND DAVID MICHAEL ZAMORA | § § § § | |
| Defendants, Third-Party Plaintiffs | § § | |
| VS. | § § | |
| UNITED STATES OF AMERICA | § § | |
| Third-Party Defendants | § | |

## DEFENDANT/THIRD PARTY PLAINTIFFS CYNTHIA ZAMORA MCCOMBS AND DAVID MICHAEL ZAMORA'S FIRST AMENDED THIRD-PARTY PETITION AGAINST UNITED STATES OF AMERICA

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 14, Third Party Plaintiffs Cynthia Zamora McCombs and David Michael Zamora ("Third Party Plaintiffs") file this First Amended Third Party Petition against Third Party Defendant United States of America ("United States") and would respectfully represent show unto this Court the following:

### PARTIES

Plaintiffs, Roger and Karen Krause, are residents of Victoria County, Texas and is before this Court for all purposes. Plaintiff may be served with this pleading by electronic filing (ECF) to its attorney of record under Federal Rule of Civil Procedure 5 and Local Rule CV-5.

Plaintiff, Stephen Kolle, is a resident of Victoria County, Texas and is before this Court for all purposes. Plaintiff may be served with this pleading by electronic filing (ECF) to its attorney of record under Federal Rule of Civil Procedure 5 and Local Rule CV-5.

Defendants/Third-Party Plaintiffs, Cynthia Zamora McCombs and David Michael Zamora, has answered and appeared herein.

Third-Party Defendant, United States of America and United States Department of Agriculture may be served with process (a) by serving a copy of the complaint on Ryan K. Patrick, United States Attorney for the Southern District of Texas, by certified mail, return receipt request at his office, United States Attorney, Southern District of Texas, 800 N. Shoreline Blvd., Suite 500, Corpus Christi, Texas 78401, to the attention of the Civil Process Clerk; (b) by serving a copy of the complaint on William P. Barr, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, United States Department of Justice, 950 Pennsylvania Avenue, NW. Washington, D.C. 20530-0001, to the attention of the Civil Process Clerk; and (c) by serving a copy of the complaint on Stephen Vaden, General Counsel, by certified mail, return receipt requested, at the Office of General Counsel, United States Department of Agriculture, Room 107W, Whitten Building 1400 Independence Ave, SW. Washington, D.C. 20250-1400 **Preparation of citation is hereby requested at this time.**

## VENUE AND JURISDICTION

Third-Party Plaintiffs file their First Amended Third Party Petition in this Court under 28 U.S.C. §1442(a)(1) because the state court where the suit has been pending is located in this district.

## BACKGROUND

This lawsuit arises from a fire started on or about January 29, 2018, under a Prescribed Burning Management Plan that Defendants entered into with the US Department of Agriculture Natural Resources Conservation Service ("USDA-NCRS") to burn 60 acres of Defendants' land located at the intersection of Garrett-Gonzales Road and Nursery Road in Yoakum, Victoria County, TX, as described in Plaintiffs' Original Petition and any Petition hereinafter filed by way of amendment or supplement. The fire spread out of control and damaged approximately 800 acres of land owned by Plaintiffs Roger and Karen Krause and Plaintiff Stephen Kolle. Third-Party Plaintiff filed her Original Answer on or about December 27, 2018.

Before and during the prescribed burn, USDA-NCRS failed to prepare firebreaks according to specifications, failed to remove vegetation remaining in the guards, failed to have the adequate amount of personnel for the burn, failed to detail the suppression jobs and equipment needed during and after the burn, failed to follow the planned wind direction and ignition pattern, failed to update the burn plan's wind direction and ignition pattern, failed to have accurate smoke management maps for the wind direction, failed to record contact information for oil and gas facilities located on the property, and failed to start the prescribed burn on time. As a result, Plaintiffs suffered damages to their residential property.

## CAUSES OF ACTION

**A. Negligence**

Third-Party Plaintiff incorporates by reference all the foregoing paragraphs as if fully stated herein. USDA-NCRS owed duties to Third-Party Plaintiff and Plaintiffs to perform its prescribed burn in accordance with industry standards, in a good and workmanlike manner, and with a reasonable degree of care. USDA-NCRS failed to comply with these duties as the services

it provided were not performed in accordance with industry standards, were not performed in a good and workmanlike manner, and were not performed with a reasonable degree of care. USDA-NCRS conduct, including its failure to prepare firebreaks according to specifications, to remove vegetation remaining in the guards, to have the adequate amount of personnel for the burn, to detail the suppression jobs and equipment needed during and after the burn, to follow the planned wind direction and ignition pattern, to update the burn plan's wind direction and ignition pattern, to have accurate smoke management maps for the wind direction, to record contact information for oil and gas facilities located on the property, and to start the prescribed burn on time caused and/or contributed to the damages alleged by Plaintiffs.

### B. Contribution and Indemnity

Third-Party Plaintiff incorporates by reference all the foregoing paragraphs as if fully stated herein. In the event that Plaintiffs' complaints are determined to be valid, in whole or in part, which Third-Party Plaintiffs explicitly deny, then Third-Party Plaintiff would be entitled to common-law contribution against Third-Party Defendant United States of America.

### CONCLUSION AND PRAYER

Third-Party Plaintiffs pray that Third-Party Defendant United States of America be duly cited and appear and that, in the event this case proceeds to trial against Third-Party Plaintiffs in this forum, that upon such final trial, Third-Party Plaintiffs recover judgment against Third-Party Defendant United States of America for indemnity and/or contribution damages for any amounts paid by Third-Party Plaintiffs to Plaintiff as a result of judgment or settlement, along with damages for attorneys' fees and costs expended in defense of the claims against Third-Party Plaintiffs by Plaintiff, together with pre-judgment interest at the maximum rate available by law.

Respectfully Submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: */s/ David H. Bradley*
DAVID H. BRADLEY
SBN: 00783704
2500 Tanglewilde, Suite 250
Houston, Texas  77063
713-335-0285 (tel.)
713-335-0286 (fax)
*BradleyEDocsNotifications@wbclawfirm.com*
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of July, 2019, a copy of the above and foregoing was served upon all parties in accordance with the Texas Rules of Civil Procedure via efile and/or email.

David Roberts
SBN: 17042000
*david@portlavacalaw.com*
John T. Villafranca
SBN: 24096639
*john@portlavacalaw.com*
ROBERTS, ODEFEY, WITTE & WALL, LLP
2206 Hwy 35N
PO Box 9
Port Lavaca, Texas 77979
361-552-2971 (tel.)
361-552-5368 (fax)
**ATTORNEYS FOR PLAINTIFFS ROGER & KAREN KRAUSE AND STEPHEN KOLLE.**

Chris Heinemeyer
SBN: 09382100
*chrish@khpc-law.com*
KRENEK & HEINMEYER, P.C.
9601 McAllister Freeway, Ste. 1110
San Antonio, Texas 78216
(210) 342-1080 (tel.)
(210) 342-1266 fax)
**ATTORNEYS FOR DEFENDANT DAVID MICHAEL ZAMORA**

Ryan K. Patrick
Lander B. Baiamonte
SBN: 24103831
UNITED STATES ATTORNEY FOR SOUTHER DISTRICT OF TEXAS
800 N. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
**ATTORNEY FOR UNITED STATES DEPARTMENT OF AGRICULTURE**

            */s/ David H. Bradley*
            DAVID H. BRADLEY